ESSEX,<br>*March,*<br>1832.

The judgement of the county court is reversed, and a new trial is granted.

Warner's admr<br>*vs.*<br>Page.

———————

CYRUS BOOTHE, administrator of LUTHER E. HALL *vs.* THE TOWN OF COVENTRY and FREDERICK W. HAMMOND.

ORLEANS,<br>*March,*<br>1832.

The location of of a lot of land to a public right may be established by acquiescence, as well as to any other right.

A possession for fifteen years by the defendant, adverse to the plaintiff, bars the plaintiff's action, whether the defendant claimed in his own right, or under the town.

This was an action of *ejectment*, which came up from the county court upon the following bill of exceptions, to wit :

" The was *ejectment* for the south east quarter of lot no. 138, in Coventry, containing thirty two acres. The paper title of the plaintiff was not questioned ; and the parties, by mutual consent, waived any enquiry, whether the plaintiff's intestate had done any acts, or made any declarations, signifying his acquiescence in a division of the town, made many years since, severing this lot to the public right, under which the defendants claimed to hold it. And no attempt was made on the trial to show said division to be legal. The only question in issue was, whether the plaintiff was barred of his action by the statute of limitations. Evidence was given tending to show, that a possession, adverse to the plaintiff's title, had been taken of the lot in question more than fifteen years before the commencement of this action, and that said possession had been transmitted without interruption through different hands to the present occupants—the defendant, *Hammond,* being in possession of the part sued for, and different individuals of the other parts of said lot ; and that said possession was originally taken, and had always been held, under the town ; the occupants having continued to pay rents for the same as a public lot, belonging to one of the public rights in said town. It did not distinctly appear, whether the part sued for had been leased or not ; but rents were paid upon it. The plaintiff contended, and requested the court to charge, that, under such circumstances, neither of the defendants could be availed of the statute of limitations ; and that, unless a legal division was shown, severing the lot in question to the public right aforesaid, the plaintiff was, of course, entitled to recover. But the court refused so to charge ; and instructed the Jury, that if they found an actual possession of the premises, demanded, adverse to the plaintiff's title, to have been taken by the defendant, *Hammond,* or those under whom he claimed, and continued without interruption for more than fifteen years before the commencement of the plaintiff's

Essex,
March,
1832.

Hall's admr.
vs.
Coventry et al.

action, whether such possession was subject to such supposed right of the town or not, the action was barred. Verdict and judgement for the defendants. And to the charge aforesaid, and the refusal to charge, as above requested, the plaintiff excepts.

*West and Fletcher, for the plaintiff.*—1. The plaintiff contends, that the charge is too indefinite and uncertain. The case shows, that rents were-paid on the part sued for, but does not show that that part had been in actual possession of the defendant's *a pede possessionis.* From payment of rents, actual adverse possession can not be presumed nor inferred, and the jury should have been so instructed.

2. A political corporation, as such, can neither take, gain, nor hold, title by adverse possession. A corporation is a mere creature of the law—an invisible, intangible, imaginary, artificial, being. It has no will to determine, no hands to assault, no feet to perpetrate, a trespass *quare clausum fregit.* It follows, that it can not be guilty of a disseizin. It is in law a mathematical point. It has neither length, breadth, nor thickness. It can not be arrested, nor imprisoned, nor guilty of an escape. In short, it has no locality. How then, can it have actual possession of lands. No freehold court could be sustained to dispossess, if it held over ; no action of ejectment against it, as such, could be sustained, nor could any writ of possession be issued to turn it out of possession. A corporation can not hold lands, unless by express statute. How then acquire title by possession ? Trespass and replevin can not be sustained against it.—*Saund. Pl. and Ev.* 474. It can not acquire a freehold by disseizin.—2 *Mass.* 502, *Werton* vs. *Hart.*

*Young and Sawyer, for defendant.*—The paper title has been decided at a former term, upon a case stated. This cause was sent down *"for trial upon the facts of possession only."* It was intended, by the case stated, to submit to this Court every thing appertaining to the law questions, that could arise. And we supposed the mere fact of possession was all the question, provided this was legally found. But, if the Court should inquire as to the right of a town's gaining a title to lands by possession, or their tenants, either jointly or separately, we are confident, that the plaintiffs cannot prevail.

How can *Hammond's* possessory right be defeated, if his title fails through the town ? This does not make him a tenant to the plaintiffs. Again : What prevents a town gaining possession ? The case, *State* vs. *Wilkinson,* 2 *Vt. Rep.* 480, is not directly in point,

but analogous. The doctrine *nullum tempus occurrit regi*, is essentially destroyed ; (*Bal. Lim.* 18–19 ;) and it does not apply to this cause in any shape. Where one holds lands, &c., as lessee, his possession, in contemplation of law, belongs to the lessor.—*Bal. Lim.* 27. It could not make any difference, whether the defendant was in by deed or parol. If the title of the town failed, the possession of the tenant would hold. The court undoubtedly was correct in refusing the charge asked for, and giving the one they did.

Essex,
March,
1832.

Hall's admr.
vs.
Coventry et al.

Hutchinson, C. J., *pronounced the opinion of the Court.*— The facts, stated in the bill of exceptions before us, would present a clear case of fifteen years adverse possession, if the question arose between individuals merely, and the testimony gained credit with the jury. There appears to have been evidence tending to show that the defendant, and those under whom he claimed the premises, had been in possession more than fifteen years, paying rent to the town of Coventry, and considering this as being a lot belonging to one of the public rights of the town. But the plaintiff's counsel strongly urge, that the defendant's possession under the town cannot avail him, nor the town, because a town, as a corporate body, cannot obtain title by possession ; and there is no evidence to show a location of this lot to any public lot of the town. If this argument were correct in reference to the power of the town to gain title by possession, it would not materially affect the cause ; for it still leaves the possession adverse to the title of the plaintiff, and wholly bars his claim. Whether the possession of the defendant, *Hammond*, for fifteen years, shall enure to his benefit, or that of the town, is a matter between him and the town, merely.

But the plaintiff's counsel urge a principle, that will not be easily maintained : the principle that a town can gain nothing of title by possession of land. A corporation, that has no right to hold land at all, cannot gain title by possession. But a corporation, that has unlimited power to hold land, may acquire title in all the ways in which individuals may acquire it. They may take by grant, by deed, by possession. Their power to possess is denied in argument. But they may possess. They may make leases, and possess by their tenants. And, if they take possession, by their tenants, of lands not their own, they may be sued in ejectment as landlords, and joined with their tenants. But this is going beyond the case before us ; for it stands as part of our common law, that towns own public rights of different descriptions.

38

ESSEX,
March,
1832.

Hall's admr.
vs.
Coventry et al.
And, when *Hammond* claimed to possess under the town, and paid rent to the town, no right of the town need be affected by possession, except the location of this lot to the public right of the town. Now the same rule of acquiescence applies to the location of the public lands, as to the lands of individuals.

The instructions given to the jury were perfectly correct. They left the jury to decide the cause upon the mere question of the defendant's possession being adverse to the plaintiff ; admitting the plaintiff's title to be good unless barred by this adverse possession. The defence should turn upon that point. Whether the defendant claimed in his own right, or under the town, was immaterial. Either was adverse to the title of the plaintiff.

The continuance moved for at a late hour cannot be granted. The affidavit, upon which that motion is grounded, relates to nothing but the weight of evidence upon the subject of possession. It would seem to affect that but by a slight or doubtful shade. It would lead to nothing unless it were a motion for a new trial, founded on surprise. And it will scarcely be pretended by the plaintiff's counsel, that such a motion ought to be sustained upon the grounds, merely, that are stated in the affidavit.

The judgement of the county court is affirmed.